UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

| | |
|---|---|
| JERMAINE LEONE, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| | 22 CV 0055 |
| -against- | (KAM) (RER) |
| | |
| CITY OF NEW YORK, JOSHUA CHRISTIAN, Individually, ALEXANDER BUSTAMANTE, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown), | Jury Trial Demanded |
| Defendants. | |

--------------------------------------------------------------------------------X

Plaintiff JERMAINE LEONE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JERMAINE LEONE is a thirty-nine-year-old Black man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants JOSHUA CHRISTIAN, ALEXANDER BUSTAMANTE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On January 5, 2019, at approximately 9:50 p.m., plaintiff JERMAINE LEONE was present inside of a deli located on the corner of Castleton Avenue and Broadway, in Staten Island, New York.

13. Plaintiff was inside the deli shopping when he heard the sound of a vehicle crash outside.

14. Shortly after, two NYPD officers, believed to be defendant Officer JOSHUA CHRISTIAN and defendant Sergeant ALEXANDER BUSTAMANTE, entered the deli, detained plaintiff, and escorted him outside.

15. Once outside, defendants arrested plaintiff, placing overtight handcuffs on his wrists.

16. Defendants detained plaintiff outside of the deli for approximately twenty minutes in handcuffs, in the presence of several other NYPD officers.

17. Plaintiff complained that the handcuffs were too tight, but his complaints were ignored.

18. Plaintiff was then imprisoned in a police vehicle and transported to the 120th Police Precinct and imprisoned therein.

19. While at the 120th Precinct, plaintiff requested necessary medications for a heart condition but was not provided with them.

20. The defendant officers continued to imprison plaintiff until his arraignment in Richmond County Criminal Court on baseless charges of reckless endangerment, unlawful fleeing a police officer in a motor vehicle, reckless driving, obstruction of governmental administration, and leaving the scene of an accident, filed under docket number CR-000156-19RI; said charges

having been filed based on the false allegations of the defendant officers which were conveyed to the Staten Island District Attorney's Office by defendants CHRISTIAN and BUSTAMANTE.

21. Specifically, defendant officer CHRISTIAN swore that plaintiff had been operating a motor vehicle that he and BUSTAMANTE had pulled over, that plaintiff fled the scene of the stop, and thereafter crashed the motor vehicle. BUSTAMANTE swore that he had seen plaintiff flee into the deli. These allegations were all false and formed the basis of the criminal charges filed against plaintiff.

22. Plaintiff was merely an innocent bystander inside the deli at the time of the events he was accused of being involved in and there was no reasonable basis or probable cause to believe plaintiff participated in or had committed any crime at the time of his arrest or to initiate his prosecution.

23. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff without probable cause.

24. As a result of the defendants' false claims to prosecutors, plaintiff was arraigned, bail was set at plaintiff's arraignment, plaintiff was imprisoned for approximately ten days, during which time plaintiff suffered further physical and emotional distress due to being denied his heart medications and compelled to return to court on numerous occasions until July 30, 2019, on which date plaintiff was granted an adjournment in contemplation of dismissal. Upon information and belief, the charges were dismissed and sealed on January 29, 2020.

25. Defendants CHRISTIAN, BUSTAMANTE, and JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

26. All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, falsification, and of lax investigations of police misconduct.

27. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of falsification.

28. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

29. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate plaintiff's civil rights.

30. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31. All of the aforementioned acts of defendants, their agents, servants, and employees were conducted under the color of state law.

32. All of the aforementioned acts deprived plaintiff JERMAINE LEONE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were conducted by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

34. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35. As a result of the foregoing, plaintiff JERMAINE LEONE sustained, *inter alia*, physical pain and suffering, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants arrested plaintiff JERMAINE LEONE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38. Defendants caused plaintiff JERMAINE LEONE to be falsely arrested and

unlawfully imprisoned.

39.    As a result of the foregoing, plaintiff JERMAINE LEONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    Defendants created false evidence against plaintiff JERMAINE LEONE.

42.    Defendants utilized this false evidence against plaintiff JERMAINE LEONE in legal proceedings.

43.    As a result of defendants' creation and use of false evidence, which defendants conveyed to the Richmond County District Attorney's Office plaintiff JERMAINE LEONE was deprived of his liberty and suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

44.    As a result of the foregoing, plaintiff JERMAINE LEONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THRID CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants initiated, commenced, and continued a malicious prosecution against plaintiff JERMAINE LEONE.

47. Defendants caused plaintiff JERMAINE LEONE to be prosecuted without any probable cause until the charges were dismissed on or about July 30, 2019.

48. As a result of the foregoing, plaintiff JERMAINE LEONE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants had an affirmative duty to intervene on behalf of plaintiff JERMAINE LEONE, whose constitutional rights were being violated in their presence by other officers.

51. The defendants failed to intervene to prevent the unlawful conduct described herein.

52. As a result of the foregoing, plaintiff JERMAINE LEONE'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

53. As a result of the foregoing, plaintiff JERMAINE LEONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendant BUSTAMANTE personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to plaintiff's rights in failing to properly supervise and train his subordinate employees and via his personal involvement in the events alleged herein.

56. As a result of the foregoing, plaintiff JERMAINE LEONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59. The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JERMAINE LEONE'S rights as described herein.

As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

60. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff JERMAINE LEONE.

61. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JERMAINE LEONE as alleged herein.

62. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JERMAINE LEONE as alleged herein.

63. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JERMAINE LEONE was unlawfully arrested and denied his right to fair trial.

64. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JERMAINE LEONE'S constitutional rights.

65. All of the foregoing acts by defendants deprived plaintiff JERMAINE LEONE of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment; and

    B. To be free from deprivation of his right to fair trial.

66. As a result of the foregoing, plaintiff JERMAINE LEONE is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff JERMAINE LEONE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 9, 2022

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff JERMAINE LEONE
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JERMAINE LEONE,

                                              Plaintiff,

                            22 CV 0055
    -against-                                 (KAM) (RER)

CITY OF NEW YORK, JOSHUA CHRISTIAN, Individually,
ALEXANDER BUSTAMANTE, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                            Defendants.

---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132